IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE ROBERSON,

    Plaintiff,

v.

KAISER FOUNDATION HOSPITALS, et al.,

    Defendants.

NO. C04-1043 TEH

ORDER CONTINUING CASE MANAGEMENT CONFERENCE AND REQUIRING JOINT CASE MANAGEMENT STATEMENT

    The Court is in receipt of papers from Defendant Kaiser Foundation Hospitals ("Kaiser") opposing the entry of default against Defendant Melody James. Kaiser filed these papers on May 27, 2005. However, the Clerk entered default against James one day earlier, on May 26, 2005. Accordingly, Kaiser's opposition is moot.[1]

    In addition, the Court is in receipt of separate case management statements from the parties for the June 13, 2005 case management conference. The parties have failed to give any reason, let alone any justifiable reason, for their failure to comply with this Court's standing orders regarding joint case management statements. Accordingly, IT IS HEREBY ORDERED that the June 13, 2005 case management conference is continued to **Monday, June 20, 2005, at 1:30 PM.**

    IT IS FURTHER ORDERED that the parties shall meet and confer and file a joint case management statement on or before **Monday, June 13, 2005.**

> "Meet and confer" or "confer" means to communicate directly and discuss in good faith the issue(s) required under the particular Rule or order. . . . The mere sending of a written, electronic, or voice-mail communication . . . does not satisfy a requirement to "meet and confer" or to "confer." Rather, this requirement can be satisfied only through direct dialogue and discussion – either in a face to face meeting or in a telephone conversation.

---

[1] Under Federal Rule of Civil Procedure 55(a), default is entered by the clerk of court. Thus, it was improper for Plaintiff's counsel to submit her request for entry of default as a noticed motion before the Court.

1  Civ. L.R. 1-5(n).  If counsel fail to file a case management statement that is both joint and
2  timely, then they should expect the imposition of monetary sanctions absent a showing of very
3  good cause.

5  **IT IS SO ORDERED.**

7  DATED    06/06/05                                      /s/
                                                THELTON E. HENDERSON, JUDGE
8                                               UNITED STATES DISTRICT COURT