IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE ROBERSON,

          Plaintiff,

v.

KAISER FOUNDATION HOSPITALS, et al.,

          Defendants.

NO. C04-1043 TEH

ORDER DENYING EX PARTE APPLICATION FOR ORDER SHORTENING TIME ON PLAINTIFF'S COUNSEL'S MOTION TO WITHDRAW

        This matter comes before the Court on an ex parte application, filed by Plaintiff's counsel, Jaynelle Bell, for an order shortening time on counsel's motion to withdraw. Ms. Bell seeks to have her motion heard 21 days from the date of her filing the motion, while Civil Local Rule 7-2(a) of this Court requires motions to be noticed for hearing "not less than 35 days after service of the motion."

        The Court has previously admonished counsel for failing to follow the Court's local rules, as well as for failing to follow the Court's electronic filing ("ECF") procedures. Ms. Bell's conduct in this instance is especially egregious since she admits that she received e-mail notifications of filings in this case but simply did not check the account (or one of the four accounts) she provided to the Court for use in the ECF system.[1] Nor does counsel's purported unavailability until October present good cause for shortening time on a motion which she chose not to file until July 4. Even if Ms. Bell is as busy as she claims to be, that is no excuse for failing to follow court procedures, including all federal and local rules, standing orders, and ECF procedures. Ms. Bell voluntarily filed this lawsuit on Plaintiff's behalf and,

---

[1] In fact, Ms. Bell states that she saw the e-mail notifications when checking her Hotmail account, when the Court's ECF records have no record of a Hotmail account for Ms. Bell. Ms. Bell's registered addresses are: jaynelle.bell@prurealty.com, jaynelle_bell@sbcglobal.net, jkbellesq@sbcglobal.net, and jaynellebell@aol.com. Presumably, Ms. Bell has set up mail forwarding from one or more of these accounts to her Hotmail account.

1  unless and until she is relieved as Plaintiff's counsel by order of this Court, Ms. Bell owes
2  duties both as an attorney for her client and as an officer of this Court.
3  　　　In light of all of the above, the Court does not find good cause to grant Ms. Bell's
4  application for an order shortening time, and counsel's application is therefore DENIED.
5  Under Civil Local Rule 7-2(a), August 8, 2005, was the earliest possible date on which
6  Ms. Bell could have noticed a motion filed on July 4, 2005.  Because the Court is unavailable
7  on that date, Ms. Bell shall re-notice her motion for no sooner than August 15, 2005.
8  　　　IT IS FURTHER ORDERED that Ms. Bell shall serve a copy of this order on her client,
9  Plaintiff Michelle Roberson, and that Ms. Bell shall also serve the re-notice of her motion to
10 withdraw on Ms. Roberson.  Ms. Bell shall file with this Court proofs of service of both
11 documents on Ms. Roberson on or before **Monday, July 18, 2005.**

13 **IT IS SO ORDERED.**

15 DATED   07/08/05　　　　　　　　　　　　　　/s/
　　　　　　　　　　　　　　　　　　　　　THELTON E. HENDERSON, JUDGE
16 　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

2