United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE ROBERSON,

    Plaintiff,

v.

KAISER FOUNDATION HOSPITALS, et al.,

    Defendants.

NO. C04-1043 TEH

SECOND ORDER TO SHOW CAUSE RE: JAYNELLE BELL

    On November 22, 2004, this Court ordered Jaynelle Bell, counsel for Plaintiff, to show cause as to why sanctions should not be imposed for her failure to appear at a motion hearing, her late arrival at a case management conference, and other failures to follow orders of this Court. The Court held an order to show cause hearing on December 6, 2004, and then took the matter under submission, where it currently remains.

    Since that time, Ms. Bell has committed multiple errors and other violations of the Court's orders and local rules, including:

    1. Noticing her first motion to withdraw for a Court holiday;

    2. Failing to file a timely opposition to Defendant's first motion to set aside default of Melody James;

    3. Failing to submit a declaration in support of her first motion to withdraw;

    4. Failing to file a joint case management statement; and

5. Submitting her second motion to withdraw with an ex parte request to shorten time, without establishing any good cause for her request to shorten time.

Most recently, Ms. Bell has failed to comply with the Court's July 8, 2005 Order Denying Ex Parte Application for Order Shortening Time on Plaintiff's Counsel's Motion to Withdraw. In that order, the Court required Ms. Bell to re-notice her motion to withdraw in accordance with the local rules and to serve a copy of the re-notice of motion as well as the Court's July 8 order on her client, Ms. Roberson. The Court further ordered Ms. Bell to file proofs of service of both documents on Ms. Roberson with this Court on or before July 18, 2005. More than one week has passed since that deadline, and Ms. Bell has failed to file the required proofs of service.

The Court anticipates that Ms. Bell will claim, once again, that she failed to receive electronic notification that the July 8 order was filed. This excuse will be unacceptable for several reasons. First, as the Court has previously explained, it finds Ms. Bell's claims of non-delivery to be suspect given that it has received no error messages regarding delivery to Ms. Bell's registered e-mail addresses. Second, the Court has already instructed Ms. Bell to monitor the docket in her cases on a regular basis if she continues to believe that she is not getting proper electronic notification of case filings. Finally, had Ms. Bell not received the Court's July 8 orders, she would not have received notice that the motion hearing and status conference scheduled for July 25, 2005 had been continued. Yet Ms. Bell failed to make any appearances before the Court on July 25. Thus, even if Ms. Bell did not receive the Court's most recent orders, she would still be subject to sanctions for failing to make an appearance.

Based on all of the above, this Court now orders Ms. Bell to show cause for a second time as to why monetary or other sanctions should not be imposed for her misconduct in this case. The order to show cause hearing shall be held on **Monday, August 15, 2005, at 10:00 AM.** If Ms. Bell fails to make an appearance at that time, the Court will be left with no alternative but to dismiss this case. The Court realizes that dismissal is an extreme sanction, but the long history of Ms. Bell's inability to comply with this Court's rules and procedures, including her inability to complete as simple a task as re-noticing a motion for hearing,

2

indicates that such an extreme sanction may be appropriate. If Ms. Bell wishes to file a written response to this order to show cause, she must do so on or before **Friday, August 5, 2005.**

**IT IS SO ORDERED.**

DATED   07/28/05                             /s/
                                      THELTON E. HENDERSON, JUDGE
                                      UNITED STATES DISTRICT COURT

3