United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| MICHELLE ROBERSON,<br><br>              Plaintiff,<br><br>       v.<br><br>KAISER FOUNDATION HOSPITALS, et al.,<br><br>              Defendants. | NO. C04-1043 TEH<br><br><u>ORDER PROVISIONALLY GRANTING JAYNELLE BELL'S SECOND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF</u> |

On February 9, 2005, this Court denied Jaynelle Bell's first motion to withdraw as counsel for Plaintiff Michelle Roberson. Ms. Bell renewed her motion, which is currently noticed for hearing on Monday, September 12, 2005, at 10:00 AM. This Court now PROVISIONALLY GRANTS Ms. Bell's motion for the reasons discussed below. If the conditions listed at the end of this order are satisfied, then Ms. Bell shall be relieved as counsel for Plaintiff at the hearing on September 12.

Attorneys practicing in the Northern District of California must "comply with the standards of professional conduct required of members of the State Bar of California." Civ. L.R. 11-4(a)(1). Rule 7-300 of the California Rules of Professional Conduct governs an attorney's withdrawal from a case. Of particular relevance to this case, Rule 7-300(C)(1)(d) provides for permissive withdrawal when the client's conduct "renders it unreasonably difficult" for the attorney to represent the client effectively, and Rule 7-300(C)(1)(f) provides that an attorney may request permission to withdraw when the client "breaches an agreement or obligation to the [attorney] as to expenses or fees."

In this case, there appears to have been a breakdown in communication between Ms. Bell and Ms. Roberson. Although Ms. Bell continues to send letters to and have phone conversations with her client, Ms. Roberson appears to be have refused to respond to

Ms. Bell's initial requests regarding Ms. Roberson's availability for deposition, or to Ms. Bell's request for guidance regarding whether to proceed with another attempt to serve Defendant Melody James. Ms. Roberson also appears to have been on notice of Ms. Bell's desire to withdraw from this case for over one year, and yet Ms. Roberson appears to have done nothing to attempt to find substitute counsel. Additionally, despite having telephone contact with Ms. Bell as recently as early July 2005, Ms. Roberson has apparently failed to respond in any way to Ms. Bell's repeated requests for payment of the costs associated with the most recent attempt at serving Defendant James in Texas. Assuming the above facts are true, Ms. Bell has adequately shown that she may be granted permission to withdraw under California Rules of Professional Conduct 7-300(C)(1)(d) and (f).

However, given this Court's concerns about Ms. Bell's veracity and its desire to give Plaintiff one final opportunity to respond, the Court's decision on this issue is provisional. If Ms. Roberson appears at the September 12 hearing and disputes Ms. Bell's recitation of the facts, and the Court determines that Ms. Roberson's version of events is to be believed and does not warrant granting Ms. Bell permission to withdraw, then the Court shall deny Ms. Bell's motion at that time.

Accordingly, with good cause appearing, IT IS HEREBY ORDERED that Jaynelle Bell's second motion to withdraw as counsel for Plaintiff Michelle Roberson is PROVISIONALLY GRANTED, subject to the following:

1. Ms. Bell shall send a copy of this order to Ms. Roberson and file a proof of transmittal with this Court on or before **Tuesday, August 16, 2005.** Ms. Bell shall also telephone Ms. Roberson on or before that date to communicate the contents of this order.

2. If Ms. Roberson wishes to oppose Ms. Bell's motion, she must personally appear before this Court, Courtroom 12 at 450 Golden Gate Avenue, San Francisco, California, on **Monday, September 12, 2005, at 10:00 AM.** Ms. Roberson is advised that she will need a photo ID, such as a driver's license or passport, to enter the courthouse.

3. If Ms. Roberson does not oppose Ms. Bell's motion, Ms. Roberson must either personally appear before this Court on **Monday, September 12, 2005, at 10:00 AM**, or make an appearance through her new attorney.

4. **If neither Ms. Roberson nor her new counsel make an appearance on September 12, the Court will have no alternative but to conclude that Ms. Roberson is no longer interested in pursuing this matter and the Court will therefore dismiss this case with prejudice.** The Court advises Ms. Roberson that "dismissal with prejudice" means that she will not be able to recover on any of the claims raised in the complaint filed in this case. This is true even if Ms. Roberson were to find a new attorney at a later date. Thus, if Ms. Roberson has any interest in pursuing the claims raised in the complaint, she must personally appear on September 12 if she has not found substitute counsel. The Court will be amenable to granting Ms. Roberson a limited extension of time in which to find new counsel if Ms. Roberson can demonstrate that she has been diligently searching for counsel or that she is now prepared to do so.

5. Prior to September 12, and until the Court enters a final order on Ms. Bell's motion to withdraw, Ms. Bell remains counsel of record for Plaintiff. **Ms. Bell's continued failure to comply with rules of professional conduct or rules and orders of this Court shall not be tolerated lightly, and any further violations may result in the denial of Ms. Bell's motion to withdraw.** Thus, if Ms. Bell continues to have problems receiving electronic notifications of court filings, she must check the electronic docket for new filings at least once per day. Ms. Bell shall also appear at the September 12 hearing, unless a substitution of counsel has been properly filed with this Court prior to the hearing date.

**IT IS SO ORDERED.**

DATED   08/15/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3