IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE ROBERSON,

        Plaintiff,

        v.

KAISER FOUNDATION HOSPITALS, et al.,

        Defendants.

NO. C04-1043 TEH

ORDER RE: SEPTEMBER 12, 2005 ORDER REQUIRING AMENDED COMPLAINT

    On September 12, 2005, Plaintiff Michelle Roberson presented pay stubs to the Court in which her employer was listed as the Permanente Medical Group, Inc. ("PMG"). However, Plaintiff's complaint names Defendant Kaiser Foundation Hospitals ("KFH") as Plaintiff's employer. At the September 12 hearing, KFH's counsel represented to the Court that counsel would also represent PMG if PMG were properly brought into this action. In addition, counsel repeated her offer to stipulate that PMG is and was Plaintiff's employer, as well as the employer of Plaintiff's former supervisor, Defendant Melody James. Plaintiff's counsel refused to accept this oral stipulation, notwithstanding that the stipulation would have been placed on the record by an official court reporter.

    The Court then ordered the parties to meet and confer to see if they could draft mutually agreeable language for a written stipulation regarding the identity of Plaintiff's employer. The parties failed to do so, and the Court subsequently provided counsel for both parties with a Court-drafted stipulation. Counsel for Defendants signed the stipulation, but counsel for Plaintiff refused. Consequently, the Court entered an order requiring Plaintiff to file and serve an amended complaint by September 22, 2005, that names PMG as a defendant. The Court further noted that it appears that KFH should no longer be a defendant in this case given that Plaintiff's pay stubs list PMG as her employer. Plaintiff was given the

option of adding PMG as a defendant rather than substituting PMG for KFH in the amended complaint, but the Court noted that leaving KFH as a defendant in the amended complaint may lead to increased costs by way of a motion for summary judgment.

The Court now issues this order to advise Plaintiff's counsel that, if Plaintiff opts not to remove KFH from the complaint, and KFH successfully moves for summary judgment on grounds that it is not and has never been Plaintiff's employer, then this Court may consider whether sanctions are warranted against Plaintiff for unreasonably and vexatiously multiplying these proceedings.  Under 28 U.S.C. § 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

**IT IS SO ORDERED.**

DATED    09/16/05

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

2