United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MICHELLE ROBERSON,

            Plaintiff,

v.

KAISER FOUNDATION HOSPITALS, et al.,

            Defendants.

NO. C04-1043 TEH

ORDER GRANTING JAYNELLE BELL'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF AND ORDER OF REFERRAL TO CALIFORNIA STATE BAR AND THE COURT'S STANDING COMMITTEE ON PROFESSIONAL CONDUCT FOR DISCIPLINARY PROCEEDINGS

On February 9, 2005, this Court denied Jaynelle Bell's first motion to withdraw as counsel for Plaintiff Michelle Roberson. The Court provisionally granted Ms. Bell's second and third motions to withdraw on August 15, 2005, but ultimately denied the motions after a hearing on September 12, 2005.[1] On October 18, 2005, Ms. Bell filed a fourth motion to withdraw, and the Court heard from both Ms. Bell and her client, Ms. Roberson, during a November 28, 2005 motion hearing.

After carefully reviewing Ms. Bell's moving papers and the record in this case, including representations made to the Court by Ms. Bell and Ms. Roberson, it is abundantly clear that denying Ms. Bell's request to withdraw as counsel for Ms. Roberson would be an extreme disservice to Ms. Roberson. While the Court makes no determination on the strength of Ms. Roberson's claims, or on whether Ms. Roberson has been a cooperative and truthful client, the disagreement and animosity between Ms. Bell and her client have risen to

---

[1] Ms. Bell incorrectly labeled the re-noticing of her second motion to withdraw as a third motion.

the level of irreconcilable difference. Ms. Bell has made clear that she will take no further action in this case if she remains as counsel of record for Ms. Roberson, and the case would therefore be subject to dismissal for failure to prosecute. Thus, Ms. Bell's mental state renders her unable or unwilling to fulfill her duties as Ms. Roberson's attorney, and Ms. Bell's continued employment as Ms. Roberson's counsel would result in violations of the rules of professional responsibility. Ms. Bell's withdrawal is therefore appropriate under California Rule of Professional Conduct 3-700, which governs termination of an attorney's employment. Accordingly, the Court GRANTS Ms. Bell's motion to withdraw.

However, even though the Court is granting Ms. Bell's motion, the July 28, 2005 order to show cause against Ms. Bell for failing to comply with the rules of this Court remains under submission. Additionally, the Court continues to have serious concerns about Ms. Bell's capacity to continue the practice of law, as well as her ability to comply with all rules of procedure and professional conduct that, as an attorney, she is bound to follow. Among other transgressions in this case – which, more than 21 months after its filing, has not advanced past the pleadings stage – Ms. Bell has:

1. Failed to comply with this Court's electronic case filing ("ECF") procedures on numerous occasions;
2. Failed to comply with Clerk's notices and Court orders regarding failure to follow ECF procedures;
3. Failed to appear at the September 20, 2004 motion hearing;
4. Arrived late to the November 22, 2004 case management conference;
5. Failed to meet and confer with opposing counsel to file joint case management conference statements;
6. Failed to file a declaration or memorandum of points and authorities in support of her first motion to withdraw, and repeatedly insisted that she did file these documents;
7. Failed to file a timely opposition to Defendant's first motion to set aside the default of Defendant Melody James;

2

8.  Submitted a second motion to withdraw with an ex parte request to shorten time, without establishing good cause for her request to shorten time; and

9.  Failed to comply with the Court's July 8, 2005 order to re-notice her second motion to withdraw and to serve a copy of the order and re-notice of motion on her client.

Beyond these violations of Court orders and rules, Ms. Bell has also lied to the Court and to a state agency and has violated professional rules of conduct. First, at the October 4, 2004 case management conference, Ms. Bell represented to the Court that her fiancé was deceased. In fact, Ms. Bell's fiancé at the time was still alive, as brought to the Court's attention by counsel for Defendants at the November 22, 2004 case management conference. Ms. Bell confirmed at that case management conference that her current fiancé was, indeed, alive, but she explained that her former fiancé, Jon Hall, had died. The Court ordered Ms. Bell to file a copy of Mr. Hall's death certificate, along with a declaration explaining her relationship with him. In that declaration, executed on November 30, 2004, but not e-filed with the Court until December 10, 2004, Ms. Bell declared under penalty of perjury that she lied to the county recorder's office to obtain a copy of Mr. Hall's death certificate. Decl. of Jaynelle Bell in Opp'n to OSC Re: Sanctions ¶ 7 (docket #58).

Second, on July 28, 2005, the Court ordered Ms. Bell to appear for a hearing on August 15, 2005, at 10:00 AM. Ms. Bell failed to appear, which was especially egregious because the hearing was for an order to show cause as to why sanctions should not be imposed for Ms. Bell's failure to comply with prior orders of the Court. When the Court's courtroom deputy telephoned Ms. Bell's office at 10:05 AM on August 15, Ms. Bell answered the telephone and stated that she did not have the hearing on her calendar. The Court continued the hearing until 11:30 AM to allow Ms. Bell time to travel to this Court, and the Court subsequently sanctioned Ms. Bell $352.50, payable to opposing counsel, to cover opposing counsel's fees for waiting for Ms. Bell late arrival.

Third, in a letter dated November 4, 2005, and provided to the Court by Ms. Roberson at the November 28, 2005 hearing, Ms. Bell notified counsel for Defendants that she would

3

not be attending Ms. Roberson's deposition.  Thus, Ms. Bell violated her responsibilities to her client by refusing to represent Ms. Roberson without waiting for this Court to rule on her motion to withdraw as counsel.

Most recently, in papers filed with her final motion to withdraw, Ms. Bell flouted both the rules of professional responsibility and the authority of this Court.  For instance, Ms. Bell wrote in her declaration supporting her motion that her client left a phone number at which she could be reached each morning at 7:30 AM, but that counsel has made no attempt to reach her client at that time.  Decl. of Jaynelle Bell in Supp. of Mot. to Withdraw as Counsel ¶ 7 (docket #155).  She also stated in her declaration that, "whether the court grants this motion or not, Counsel intends to have no further involvement in this case beyond the date of this hearing, or to spend another dime of her money on Plaintiff's behalf even if that results in Counsel committing malpractice or incurring further contempt charges." *Id.* ¶ 9.  Ms. Bell continued by stating that, "while this Court can have another 'fact finding' hearing if it likes, Counsel will not abide by any order that requires her to continue representing a person whose lack of integrity and whose knowingly false, self-serving statements, just to keep Counsel in this case, have caused Counsel to doubt the entire veracity of her claims." *Id.*  Along similar lines, Ms. Bell wrote in the memorandum of points and authorities accompanying her motion to withdraw that:

> Counsel will not continue to represent a client who she despises nor advance a cause or pay costs of a cause that she no longer believes is meritorious.  Counsel is no longer asking permission to withdraw; she is withdrawing, a violation of the Rules of Professional Responsibility.  Counsel is no longer caring if Plaintiff's rights are protected, a violation of the Rules of Professional Responsibility, thus, she must withdraw. Counsel is concerned solely with herself, her ability to pay *her* bills and in maintaining her mental well-being thus, Counsel must mandatorily withdraw.  Counsel cannot, in good faith, continue to advance Plaintiff's cause.  Thus, Counsel must mandatorily withdraw or commit malpractice when she walks away from Plaintiff's case, permission or none.  Thus, there is no benefit to anyone to keeping Counsel in this matter one day longer.  Counsel is giving notice to the world that she will violate any court order that requires her to continue to represent Plaintiff under these conditions.

4

Mem. of P. & A. in Supp. of Mot. to Withdraw at 4 (docket #156).  As evidenced by the above, Ms. Bell has clearly stated that she cares nothing about this Court's orders or the California Rules of Professional Conduct.

Although Ms. Bell first attempted to remove herself from this case by arguing that she is abandoning the practice of law to become a real estate agent, Ms. Bell has also steadfastly refused to resign from the State Bar.  Instead, she has repeatedly maintained that she wishes to retain her active bar membership because she believes it may benefit her real estate practice.  However, Ms. Bell's actions in this case, and particularly her most recent filings, make clear that she is unwilling to comply with the rules that govern the practice of law.  Accordingly, and in light of all of the above, the Court finds good cause to refer Ms. Bell to the State Bar of California for disciplinary investigation, and the Court will therefore submit a copy of this order, along with a discipline referral form, to the State Bar.  The Court anticipates that the individuals who review Ms. Bell's referral for discipline will have access to the electronic docket in this case, but the Court will attach copies of the following documents to its referral for ease of reference:

1. Declaration of Jaynelle Bell in Opposition to OSC Re: Sanctions (filed in paper form as docket #50; erroneously re-filed electronically as docket #58);[2]

2. Declaration of Lawrence Kimsey in Opposition to OSC Re: Sanctions (filed in paper form as docket #52; erroneously re-filed electronically as docket #59);

3. Declaration of Bobby Richardson in Opposition to OSC Re: Sanctions (filed in paper form as docket #51; erroneously re-filed electronically as docket #60);

4. January 5, 2005 Scheduling Order Re: Plaintiff's Counsel's Motion to Withdraw and Defendant's Motion to Set Aside Default (docket #70);

---

[2] In cases designated for electronic filing, it is the Clerk's practice to accept for filing documents that are submitted improperly in paper form.  When such documents are filed, the Clerk issues a notice instructing the filing party to e-mail the documents to the Court and specifically instructing the party not to e-file any document that has been previously filed.  Despite these instructions, Ms. Bell nonetheless e-filed several documents that had already been filed.

5

|   |   |   |
|---|---|---|
| 1 | 5. | February 9, 2005 Order Denying Jaynelle Bell's Motion to Withdraw as Counsel for Plaintiff (docket #77); |
| 3 | 6. | July 8, 2005 Order Denying Ex Parte Application for Order Shortening Time on Plaintiff's Counsel's Motion to Withdraw (docket #112); |
| 5 | 7. | July 28, 2005 Second Order to Show Cause Re: Jaynelle Bell (docket #114); |
| 6 | 8. | August 15, 2005 Order Imposing Sanctions on Jaynelle Bell (docket #124); |
| 7 | 9. | Declaration of Jaynelle Bell in Support of Motion to Withdraw as Counsel (docket #155); and |
| 9 | 10. | Memorandum of Points and Authorities in Support of Bell & Associates' Fourth Motion to Withdraw as Counsel (docket #156). |

The Court will also attach to its referral copies of the letter from Ms. Bell dated November 4, 2005, and handed to the Court by Ms. Roberson at November 28, 2005 hearing, and a copy of the fee agreement sent to the Court by Ms. Roberson following the November 28 hearing. Neither of these documents has been filed in the docket, but the Court has cited the November 4 letter in this order, and it provides a copy of the fee agreement in case the State Bar would like to examine whether Ms. Bell has breached that agreement in addition to violating the rules that govern attorney conduct.

In making its referral to the State Bar, the Court is uncertain whether Ms. Bell's misconduct results from incompetence or lack of ethics or whether Ms. Bell suffers from mental health issues that impact her ability to function as a lawyer. For example, in declarations filed by Ms. Bell in opposition to the Court's first order to show cause as to why sanctions should not be imposed, Ms. Bell's former office manager and the administrative assistant at her realty office both expressed concern over Ms. Bell's mental state. Kimsey Decl. ¶ 11 (docket#59); Richardson Decl. ¶¶ 5-6 (docket #60). Whatever the cause of Ms. Bell's transgressions, however, the Court strongly believes that it is inappropriate for Ms. Bell to continue to be permitted to practice law in this state.

Additionally, the Court refers this matter to the Court's Standing Committee on Professional Conduct to determine whether Ms. Bell should be barred from practicing in this

6

district even if the State Bar does not revoke Ms. Bell's license to practice law in California. *See* Civ. L.R. 11-6(c) (providing for the Court's appointment of a standing committee to serve as "Special Masters for Disciplinary Proceedings pending before the Court"). The Court shall attach to its referral to the Standing Committee the same attachments listed above.

Finally, IT IS FURTHER ORDERED that Ms. Roberson shall be given until **March 31, 2006,** to file a notice of appearance of new counsel or a notice that she intends to prosecute this case pro se – i.e., on her own and without an attorney. If neither notice is filed within this time frame, this Court will have no alternative but to conclude that Ms. Roberson no longer wishes to pursue the claims raised in the amended complaint, and the Court will therefore dismiss the amended complaint with prejudice.[3] As this Court previously advised Ms. Roberson, dismissal with prejudice means that Ms. Roberson will not be able to recover on any of the claims raised in the amended complaint filed in this case, even if she were to find a new attorney willing to take her case at a later date.

To ensure that Ms. Roberson receives notice of this order, the Clerk shall serve a copy of this order on Ms. Roberson at her last known address, as reported by Ms. Bell: 4529 Pronghorn Way, Antioch, CA 94509. While the Court would ordinarily require Ms. Bell to provide notice to Ms. Roberson as a condition of her withdrawal, the Court has no confidence that Ms. Bell would actually comply with an order to do so.

**IT IS SO ORDERED.**

Dated:   02/10/06

_____
THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

---

[3] Of course, Ms. Roberson would remain free to pursue, in a separate proceeding, any malpractice claims she may have against Ms. Bell.

7